IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TANYA SMITH                                                                                      PLAINTIFF

V.                            CIVIL ACTION NO. 2:15-CV-2095-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                                DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying her claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court finds that the matter must be remanded for further development of the record regarding the limitations imposed by the Plaintiff's carpal tunnel syndrome ("CTS"), neck pain, and headaches. The only RFC assessments contained in the record relate to the Plaintiff's DIB claim, covering the period from January 1, 2006, through December 31, 2010. There are no assessments in the record and no clear evidence of the Plaintiff's ability to perform work-related activities between May 2013 and December 2013, the period relevant to the Plaintiff's SSI claim. Accordingly, the Court finds the evidence insufficient to determine the Plaintiff's disability status during this period. *See Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (ALJ is required to

order medical examinations and tests if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled).

The Court also finds that remand is necessary to allow the ALJ to reconsider his credibility determination.  The objective medical evidence indicates that the Plaintiff suffers neck pain due to several small disk protrusions in her cervical spine with impression on the left ventral thecal sac and cord at the C5-6 and C6-7 levels, headaches resulting from her neck impairment for which Dr. Bishop had documented only fair response to medication, and severe carpal tunnel syndrome for which she underwent surgery in May 2013.  In June 2013, the Plaintiff reported continued numbness in her right upper extremity, though improved.  Further, at the administrative hearing that same month, the Plaintiff reported tightness, redness, swelling, and weakness in her right hand.  As this evidence provides support for the Plaintiff's allegations of pain and limitation resulting from these impairments, the ALJ is directed to reconsider this evidence on remand.

Lastly, the Court finds that remand is necessary to allow the ALJ to obtain a more recent RFC assessment.  As previously mentioned, there are no recent RFC assessments contained in the record to reflect the Plaintiff's ability to perform work-related tasks during the period relevant to her SSI claim.  Further, the medical records do not provide a sufficient basis for determining the Plaintiff's ability to perform work-related activities.  Therefore, on remand, the ALJ is directed to order a consultative examination complete with an RFC assessment addressing the limitations arising from the Plaintiff's neck impairment, headaches, and CTS.

IT IS SO ORDERED AND ADJUDGED on this the 27th day of May, 2016.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE